Argued and submitted May 27, affirmed in part; reversed in part; and remanded in part with instructions August 10, 1981

In the Matter of the Marriage of

STORME,
*Respondent,*

*and*

STORME,
*Appellant.*

(No. 117,735, CA 19394)

632 P2d 481

Marion B. Embick, Salem, argued the cause for appellant. With her on the brief was Brand, Lee, Ferris & Embick, Salem.

Mary Dahlgren, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Wife appeals from the financial provisions of a decree of dissolution. She makes three assignments of error: 1) ordering wife to pay $150 per month for the support of the 16 year old daughter of the parties; 2) awarding husband permanent spousal support of $50 a month; and 3) granting husband too large a portion of the marital assets.

Husband has for many years earned a good living as an operator of heavy equipment, most recently as a crane operator. Wife, after raising four children, became a full time student. She finally obtained her bachelor's and master's degrees and is presently working on her doctorate. She has a part-time position with an Educational Service District in the area, which has paid her in excess of $10,000 a year for the past two years.

Inasmuch as the trial court did not have the benefit of the Supreme Court's decision in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), in deciding the amount of child support payable in the case at bar, we remand the case for determining that amount under the formula announced in *Smith.*

As to the awarding of $50 a month spousal support, our review of this record persuades us that this award was improper considering all the circumstances.

Husband's present income is approximately twice that of wife. Although the medical evidence establishes that husband is afflicted with painful arthritis and certain other illnesses and conditions, he is still able to work. There was no medical evidence to the effect that husband was presently disabled from any form of gainful employment or that he would become disabled at a determinable future time. Should husband become disabled, there was evidence that he could qualify for a disability pension through his Operating Engineers' Union.

Lastly, as to the division of the marital property, we conclude that the court did not err in dividing the marital assets.

Affirmed in part; reversed in part; and remanded in part with instructions. No costs to either party.